**United States District Court**
**District of Massachusetts**

```
                                   )
DEUTSCHE BANK NAT'L TRUST CO.,     )
                                   )
         Plaintiff,                )
                                   )
         v.                        )    Civil Action No.
                                   )    12-11038-NMG
UNITED STATES OF AMERICA,          )
                                   )
         Defendant.                )
                                   )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Marianne B. Bowler which recommends denying the summary judgment motion of defendant the United States ("the government") and allowing the summary judgment motion of plaintiff Deutsche Bank National Trust Company ("Deutsche Bank"). After consideration of the R&R and the objections of the government thereto, the Court finds the reasoning of the Report to be sound and will therefore accept and adopt the Magistrate Judge's recommendation. The Court publishes the present memorandum to address the government's single procedural and three substantive objections.

The government's procedural objection is that Magistrate Judge Bowler recommended affording to Deutsche Bank's mortgage an equitable priority that it had not sought. That objection

-1-

appears to be based on the government's assumption that
Magistrate Judge Bowler used the term "the second mortgage" to
stand for the mortgage recorded on August 13, 2003, overlooking
that she expressly defined the term in the R&R as the mortgage
recorded on September 15, 2004.  Therefore, this Court will
overrule the government's objection.

The government's first substantive objection is that
Magistrate Judge Bowler incorrectly determined that Deutsche
Bank was not a "volunteer" under applicable law.  A party acts
as a volunteer, and thus is ineligible for equitable subrogation
in Massachusetts, if, in making a payment, it has no interest to
protect or acts without any obligation to or request from the
party liable on the original obligation.  East Boston Sav. Bank
v. Ogan, 701 N.E.2d 331, 334 n.4 (Mass. 1998) (citation
omitted).  Here, Deutsche Bank, as the assignee of the original
lender vested with all its powers and rights, did not act as a
mere gratuitous volunteer.  See Mort v. United States, 86 F.3d
890, 894 (9th Cir. 1996) (finding that an entity that "lends
money to pay off an encumbrance on property and secures the loan
with a deed of trust on that property is not a volunteer for
purposes of equitable subrogation").  The government's first
substantive objection will be overruled.

Next, the government contends that Magistrate Judge Bowler
erred when she noted that the government "did not bargain to

-2-

gain this benefit and only gained it because of mistake" because
the law does not require a lienholder to "bargain" for its
position.  That statement appears in the context of a discussion
of one factor in the test to apply equitable subrogation, i.e.,
whether "subrogation would not work any injustice to the rights
of the junior lienholder." See Ogan, 701 N.E.2d at 334.  It is
clear to this Court, however, that Magistrate Judge Bowler's
reference to "bargaining" was by analogy only.  Thus, the
government's second substantive objection will be overruled.

Finally, the government argues that Magistrate Judge
Bowler's reference to "unjust enrichment" renders its sovereign
immunity applicable.  With respect to the law of equitable
subrogation, however, Massachusetts courts have noted that the
First Circuit Court of Appeals itself has

> understandably termed our subrogation theory to be one
> of "unjust enrichment" because of the importance we
> have placed on balancing the interests of all
> mortgagees.

Ogan, 701 N.E.2d at 334 n.2 (citing Progressive Consumers Fed.
Credit Union v. United States, 79 F.3d 1228, 1236-38 (1st Cir.
1996)).  Here, the government mistakes analogous reasoning for
formalistic logic.  Accordingly, the government's third
substantive objection will be overruled.

Finally, the Court enters a caveat.  Equitable subrogation
must be applied according to its terms as defined by

Massachusetts courts but it must not be allowed to swallow the clear rules of the Massachusetts recording system.  Here, several serious blunders were made in recording (and not recording) the mortgages at issue but there is no evidence that the government relied on the state of title in filing its tax liens.  The government's "serendipitous priority" in its security interests was the result of dumb luck. See Progressive, 79 F.3d at 1237.  Application of the doctrine of equitable subrogation would be unwarranted, however, if the rights of a lienholder were unjustly deprived.

### ORDER

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Bowler (Docket No. 35) is **ACCEPTED** and **ADOPTED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated March 12, 2014

-4-